**Kallman S. ELINOFF, Petitioner,**

v.

**The People of the STATE of Colorado, Respondent.**

**No. 03PDJ048.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Nov. 14, 2003.

Attorney Regulation. The Hearing Board reinstated Kallman S. Elinoff, attorney registration number 18677 from the practice of law in the State of Colorado.

Opinion Issued by a Hearing Board consisting of the Presiding Disciplinary Judge ROGER L. KEITHLEY, Hearing Board Members ANNITA M. MENOGAN and BOSTON H. STANTON, JR., both members of the Bar.

## OPINION AND ORDER REINSTATING KALLMAN S. ELINIOFF TO THE PRACTICE OF LAW

### *ATTORNEY REINSTATED TO THE PRACTICE OF LAW*

On October 15, 2003, a reinstatement hearing was held in the within matter pursuant to C.R.C.P. 251.29 before a Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Annita M. Menogan and Boston H. Stanton, Jr., both members of the bar. W. Daniel Mahoney appeared on behalf of Petitioner Kallman S. Elinoff ("Elinoff"), who was also present. Debora D. Jones, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People").

Elinoff was the sole witness, and he testified on his own behalf. Elinoff's exhibits A through J were admitted into evidence. A Stipulation of the Parties Concerning Petitioner's Compliance With All Disciplinary Orders and Actions Required of Suspended Attorneys and Petitioner's Fitness to Practice Law had previously been submitted and was accepted by the Hearing Board. The Hearing Board considered the argument and exhibits admitted, the Stipulation submitted by the parties, assessed the credibility of the witness, and made the following findings of fact which were established by clear and convincing evidence.

## FINDINGS OF FACT

Kallman S. Elinoff took the oath of admission and was admitted to the Bar of the Supreme Court in 1989, and is registered under attorney registration number 18677. He was suspended from the practice of law on June 1, 2001, by Order of the Colorado Supreme Court dated April 30, 2001. *In re Elinoff*, 22 P.3d 60 (Colo.2001). In its decision, the Supreme Court affirmed the Hearing Board's factual findings concluding that on March 17, 1998, Elinoff represented Douglas Rathbun in a County Court hearing on felony charges. At the conclusion of the hearing, Denver detectives arrested Elinoff's client on unrelated domestic violence charges. Rathbun became upset and pleaded with the officers not to take him to jail right then, as he wanted to see his girlfriend before she was sentenced to prison. The detectives refused to let him go, but allowed him to smoke outside the courthouse. While the four of them where outside, Rathbun continued to plead with the officers for a delay in his incarceration. Elinoff struck up an informal conversation with the detectives and at one point told the detectives that they needed to talk about his client at a level that they all could understand. He reached into his shirt pocket and removed several bills of currency (including a $100 bill), extended the bills toward a detective, and stated that if the detectives would forget the matter for the day, Rathbun would turn himself in the next day. One detective told Elinoff that his conduct was unacceptable, and the detectives took Rathbun to jail. Elinoff himself was not arrested, nor was he charged with violation of any criminal law.

In the Complaint filed against Elinoff, the People charged Elinoff with conduct constituting the criminal offense of bribery, a class three felony. The Hearing Board originally found that Elinoff's conduct warranted disbarment, but at rehearing determined that a three-year suspension, with one year stayed, was appropriate. The Supreme Court affirmed that decision. In its opinion, the Supreme Court noted that the crime of bribery strikes at the heart of a lawyer's duty to uphold the administration of justice.

After his suspension was made a final order, Elinoff moved with his wife and child to Israel where he had the opportunity to help build and work at an outdoor adventure program for children with disabilities, at-risk youth, and school age children of all backgrounds from around the country. His role as an outdoor counselor included team building activities, assisting young people to elevate their self-esteem, and challenging their physical limitations. Throughout his twenty-month stay in Israel, he continually confronted the bribery incident and its impact on his life through discussion with his peers as well as many of the young people with whom he counseled.

Due to the terror crisis in Israel and the demands on the regional police units, Elinoff was asked to join the regional police force as a volunteer police officer. He was selected because of his prior combat experience and exemplary military record. He received training in the classroom and in the field and was deputized to perform the same duties and was held to the same responsibilities as a regular police officer. He was legally authorized to make probable cause determinations, effectuate arrest procedures, investigate crimes and testify at trials. He was held accountable as a professional in all regards. He accompanied regular police officers on calls, set-up and manned security checkpoints and roadblocks, and patrolled the area for both criminal and terrorist threats. His opportunity to stand in a police officer's shoes afforded him a tremendous insight on how difficult an officer's job can be and how the public perceives their roles. Elinoff now understands the two officers he offended during the bribery incident and the disrespectful behavior that led to his suspension.

Elinoff was also a volunteer assisting the sex assault unit of the prosecution office in Haifa, Israel. Although his role was very limited in nature, his primary objective was to stay active in the profession and by doing so, learned about the Israeli legal system from investigation through trial, lectured to the sex assault investigators of the Department of Social Services, and provided to the

unit sorely needed literature available only in the United States.

Upon his return to the United States, Elinoff found full-time employment as a juvenile offender counselor for Arapahoe County's Residential Work Program, an alternative sentencing program for youth. The program provides an outdoor work and camping experience to juvenile offenders as an alternative to detention. His role as counselor includes providing supervision, acting as a positive role model, and mentoring the at-risk youth through process groups. Elinoff applies his life experiences and the lessons he has learned through his suspension to counsel these young people on the importance of making responsible decisions in order to stay out of trouble and out of the system. He now understands the consequences of making poor decisions, including the loss of his profession, the loss of many professional friendships, and the loss of his reputation. Through these hard lessons, Elinoff is resolved to helping young people at an age when they can still change the course of their future avoid making poor decisions as adults.

Elinoff is also a full-time professor of Homeland Security at Parks College. He teaches a broad range of subjects including Criminal Law and Procedure, counter terrorism procedures and protocols, security management, and current topics involving Homeland Security on a local, national and international level. Elinoff organizes guest lecturers through the police, fire, HAZMAT, FBI, and other agencies. He has created a community outreach program that provides terror awareness training to businesses and community groups at no cost.

In April of 2003, Elinoff initiated and helped organize a fundraiser for Jacob's Journey, a non-profit organization that sends ill children on wilderness trips.

Since October of 1999, Elinoff has sought and received mental health counseling from Dr. Ralph Grasso. During his therapy, he has explored the causes as to why he placed his profession and family at risk and has worked through the behavioral changes needed to prevent a recurrence in the future. Elinoff's therapist provided credible and substantial information that Elinoff has made long strides in recognizing and changing the basis for his poor decision-making in the past and learning how to prevent a recurrence in the future. Elinoff expressed that no day passes that he does not feel remorse for what he did and for the distress he caused the officers. He has previously apologized in person to one of the officers, has expressed publicly his culpability, and acknowledged the damage that he has caused the profession. Following the introduction of all evidence in this proceeding, the People stipulated that Elinoff was rehabilitated and should be reinstated to the practice of law in Colorado.

## CONCLUSIONS OF LAW

C.R.C.P. 251.29(b) provides in relevant part:

> An attorney who has been suspended for a period longer than one year must file a petition with the Presiding Disciplinary Judge for reinstatement and must prove by clear and convincing evidence that the attorney has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this chapter, and is fit to practice law.

C.R.C.P. 251.29(c) further provides in part:

> The petition for reinstatement must set forth:
>
> (3) the facts other than passage of time and absence of additional misconduct upon which the petitioning attorney relies to establish that the attorney possesses all of the qualifications required of applicants for admission to the Bar of Colorado, fully considering the previous disciplinary action taken against the attorney;
>
> (4) evidence of compliance with all applicable disciplinary orders and with all provisions of this Chapter regarding actions required of suspended lawyers;
>
> (5) evidence of efforts to maintain professional competence through continuing legal education or otherwise during the period of suspension.

Additionally, certain criteria must be considered in reinstatement proceedings in order to evaluate an attorney's rehabilitation.

*People v. Klein*, 756 P.2d 1013, 1016(Colo.1988) interprets the language of the prior reinstatement rule, C.R.C.P. 241.22. *Klein* requires:

> [A]ny determination of that issue [rehabilitation] must include consideration of numerous factors bearing on the [petitioner's] state of mind and ability, such as character, conduct since the imposition of the original discipline, professional competence, candor and sincerity, recommendations of other witnesses, present business pursuits of the [petitioner], the personal and community service aspects of the [petitioner's] life, and the [petitioner's]recognition of the seriousness of his previous misconduct.

Thus, an attorney who desires reinstatement after suspension must bear the burden of proving that he or she (1) is rehabilitated; (2) has complied with all applicable disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline regarding actions required of suspended attorneys, and (3) is fit to practice law. All three of the elements of proof must be established before reinstatement may be authorized. The parties stipulated that Elinoff has complied with all prior disciplinary orders and all provisions of the Colorado Rules of Civil Procedure relating to attorney discipline. The parties also stipulated that Elinoff is fit to practice law based upon his continuing legal education and past and current work in the legal field. The facts acknowledged by these Stipulations are accepted. The sole issue at hearing was whether Elinoff has been rehabilitated.

Elinoff had made a fundamental change in his character and his perception of the role of attorneys in our society. His objective undertakings, both the activities engaged in and the results obtained, reveal genuine efforts to restructure those professional shortcomings which culminated in the prior discipline. His efforts have been exemplary. Elinoff has established by clear and convincing evidence that he is, in fact, rehabilitated. Elinoff has testified and the evidence has shown that he has not merely taken responsibility and shown remorse for his conduct, but that he has used the suspension in a positive way to learn to be a different individual and a better professional.

## ORDER OF REINSTATEMENT

It is therefore ORDERED:

KALLIMAN S. ELINOFF, attorney registration number 18677, is reinstated to the practice of law effective immediately. Elinoff shall pay all costs of this reinstatement proceeding. Respondent shall file a Statement of Costs or Notice that costs have been paid within fifteen (15) days of the date of this Order. Petitioner shall have five (5) days to file a Response.